# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MALLINCKRODT PLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Bankruptcy Case No. 20-12522 (JTD) |
| ATTESTOR LIMITED, *et al.*,<br>                              Appellants,<br>    v.<br>MALLINCKRODT PLC, *et al.*,<br>                              Appellees. | C.A. No. 22-215-LPS<br>Bankr. BAP No. 22-008 |

## RECOMMENDATION

At Wilmington this **22nd** day of **March, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

This Appeal relates to a March 2, 2022 Order of Judge John T. Dorsey of the Bankruptcy Court confirming Debtors' Fourth Amended Joint Plan of Reorganization of Mallinckrodt plc and its Debtor Affiliates under Chapter 11 of the Bankruptcy with certain modifications, an Opinion issued February 3, 2022 in connection with the Order, and a revised Opinion issued on February 8, 2022 in connection with the Order and Opinion.  *See* Amended Notice of Appeal at D.I. 5.

Previously, the parties were involved in mediation before the Honorable Christopher S. Sontchi on issues related to this Appeal which was unsuccessful.  In light of these prior mediation efforts, the nature of the relief granted by the Bankruptcy Court and the issues on appeal, the parties do not believe that mediation would be fruitful in this matter.  Therefore, they jointly request that this matter be removed from mandatory mediation.

However, the parties disagree on a proposed briefing schedule.  Appellants have pending before the Bankruptcy Court their Motion for Certification of Direct Appeal and the Acthar Insurance Claimants' Motion for Stay Pending Appeal, both scheduled to be heard on March 24, 2022.

 The parties, Attestor Limited, on behalf of itself and its affiliated entities, including Avon Holdings I, LLC and Humana Inc. are the Appellants.  Mallinckrodt plc and its affiliated debtors and debtors in possession ("Debtors") and the Official Committee of Unsecured Creditors ("Committee"), are the Appellees.

**Appellants Proposed Briefing Schedule**

Despite the Motion for Certification, Appellants ague that this Court should enter a briefing schedule to avoid delay of this Appeal. They contend that briefing in this Court will not be wasteful of the parties' resources because if certification occurs, the briefs could be "repurposed" for filing in the Third Circuit. As a result, Appellant's propose the following briefing schedule: Appellants opening brief due with 30 days after the *docketing* of this judge's recommendation for the Appeal to be withdrawn from mandatory mediation; Appellees' joint answering brief filed within 30 days after service of Appellants' opening brief and Appellants' reply brief due 14 days after service of Appellees' brief.

**Appellees' Proposed Briefing Schedule**

Appellees note that a separate, related appeal in this Court, Case No. 22-216 LPS, of confirmation of the Plan was filed by Sanofi-Adventis ("Sanofi"). Further, Sanofi filed motions in the Bankruptcy Court, which include for stay of the pending appeal and direct certification. By agreement among Appellants, Appellees, UCC and Sanofi, the Bankruptcy Court scheduled a hearing to consider Appellants' and Sanofi's motions for March 24, 2022. Although Appellees agree there is no reason to delay this Appeal, they maintain this Court should not set a briefing schedule before the certification motion is resolved. Appellees claim this position is consistent in a related appeal arising out of these bankruptcy proceedings . In this related appeal, Appellants request certification of direct appeal and maintained that this Court *should not* set a briefing schedule while their request was pending. There, the Appellees concurred. See 21-

1780-LPS at D.I. 8.

If a briefing schedule is set by this Court, Appellees propose the following briefing schedule, which is currently being proposed in the Sanofi appeal, Case No. 22-216-LPS:  Appellants opening brief due on or before May 2, 2022;  Appellees answering brief due on or before June 1, 2022; Appellants reply brief to be filed on or before June 15, 2022.

Appellees further submit that should the motion for certification of direct appeal to the Third Circuit be granted, the parties may then seek to revisit the briefing schedule in this Court as appropriate.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  The parties were advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge